## DANIEL LYONS v. MINER C. STORY.

An agreement to labor contained a covenant of forfeiture, in respect to all wages which might be earned and unpaid whenever the party employed should fail to perform; but it was provided, that the forfeiture should not operate, if his neglect were caused by sickness, and a physician, engaged by the employer, "should certify, that such sickness unfits him to do his work." *Held*, that a written certificate was not required, and it was sufficient that the physician told the laborer, and others similarly situated, that they were unfit for work, and must prepare and leave the place where their services had been required. (*a*.)

THE plaintiff was an assignee of one of numerous laborers, employed by the defendant in New York, to work upon a railroad on the isthmus of Panama, and brought this suit for wages and money paid, at Navy Bay, for board, chargeable to the defendant by his contract. The defence was founded, mainly, upon the covenant of forfeiture, contained in the following clause of the agreement, executed by the parties, in pursuance of which the labor was performed: "In case he shall at any time neglect or omit faithfully to perform," etc., "then that he shall forfeit to the party of the second part, his executors," etc., "all wages which may remain unpaid to him, and said party of the second part shall be released," etc.; "but it is understood, that if such neglect shall be caused by sickness of the party, and the physician employed by said Story, shall certify that such sickness unfits him to do his work, then said party shall be paid all

(*a*) See *Mallon* v. *Story*, 2 E. D. Smith, 331.

wages to which he shall be entitled for the work he shall have done."

No written nor formal certificate was obtained from the physician, but it was proved that the latter called the claimant, who, with other of the laborers, was ill at the time, and told him and them to prepare to go home to New York, on the boat, adding, that they were unfit for work.

Judgment was given in the Second District Court, for the plaintiff, and the defendant appealed.

*John Graham,* for the appellant.

*M. Doherty,* for the respondent.

BY THE COURT. DALY, J.—We have heretofore held that it is not necessary when the laborer is prevented from completing his contract by sickness, that he should get a written certificate to that effect, from the physician employed by the defendant. The words of the agreement are, if the physician shall certify, etc., and here it appears that the doctor called the plaintiff and several others and told them to prepare to go home on the boat, saying that they were unfit for work. This was certifying to the plaintiff's incapacity within the meaning of the agreement.

\*      \*      \*      \*      \*      \*

I think the judgment was right; that the plaintiff was entitled to recover for the 83½ days' work together with the $16 paid for his support at Navy Bay, and the judgment should be affirmed.

Judgment affirmed.